# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ERIC N. DRAPER**                                                                                                                          **PLAINTIFF**

**V.**                      **NO. 4:13-CV-00130-DMB-DAS**

**W.C.R.C.F., ET AL.**             **DEFENDANTS**

**CONSOLIDATED WITH**

**ERIC N. DRAPER**                    **PLAINTIFF**

**V.**                      **NO. 4:13-CV-00133-DMB-DAS**

**MS. PIPPINS, ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION

In July 2013, Plaintiff Eric N. Draper filed two *pro se* complaints challenging the conditions of his confinement under 42 U.S.C. § 1983. The two cases were consolidated on December 3, 2013. The remaining defendants are Sherriff Milton Gaston, Lt. Addison, and Mike Whorton. For the reasons below, Draper's allegations against Defendants Gaston and Addison will be dismissed for failure to state a claim upon which relief could be granted.

## I
## Procedural History

Draper was incarcerated at the Washington County Regional Correctional Facility at the time he filed both complaints. Draper's first complaint, filed July 24, 2013, alleged denial of medical treatment. *See* No. 4:13-cv-00130 ("*Draper I*"), at Doc. #1. In his second complaint, filed July 26, 2013, Draper claimed that he had been assaulted by an officer, that continued threats from the officer made Draper fear for his safety, that there had been difficulty filing his complaints, and that he was being denied medical treatment. *See* No. 4:13-CV-00133 ("*Draper II*"), at Doc. #1. Defendants

Gaston, Addison, and Whorton, the only defendants that remain, are named in the second complaint.[1]

A *Spears* hearing was held on the first complaint on October 21, 2013, after which the Court consolidated the cases by order entered December 3, 2013. *Draper I*, at Docs. #11 & #12. On April 16, 2014, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that all claims other than those for failure to protect and retaliation be dismissed. *Id.* at Doc. #25. The R&R was adopted by the Court on May 13, 2014. *Id.* at Doc. #30.

## II
## Analysis

42 U.S.C. § 1983 provides a federal cause of action against "[e]very person" who, under color of state authority, causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." A claim under 42 U.S.C. § 1983 requires "[f]irst, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Thus, in order to successfully plead a § 1983 claim, "a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law." *Housley v. Sheriff, Lipscomb Cty., Tex.*, No. 95-10100, 1995 WL 241806, at *4 (5th Cir. 1995). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). A plaintiff must also establish that "defendants were either personally involved in the

---

[1] The first complaint names Warden Pippins, Nurse Kersey, Ollie Chapman, and "Medical Staff/Family Medical Center" as defendants. The second complaint names Ms. Pippins, Mike Worten [sic], Milton Gaston, and Lt. Addison as defendants. The record indicates that "Mike Worten" is Mike Whorton. *See Draper I*, at Docs. #42 & #66-3; *Draper II*, at Doc. #1. Following the *Spears* hearing on the first complaint, Pippins, Kersey, Chapman, and Family Medical Center were dismissed from the case. *See Draper I*, at Doc. #25.

acts causing the deprivation of his constitutional rights or that there was a causal connection between an act of the [] defendants and the constitutional violation sought to be redressed." *Hawkins v. Gusman*, 597 F. App'x 255, 256 (5th Cir. 2015) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)).

### A. Sheriff Milton Gaston

Draper mentions Defendant Gaston in three places in his second complaint.[2] On page two, Draper lists Gaston as a defendant. *Draper II*, at Doc. #1, at 2. On page seven, Draper states that "[t]his complaint is against the heads of this facility and … Sheriff Milton Gaston …." *Id*. at 7. On page nine, Draper states that he would like a copy of his complaint sent to Gaston. *Id*. at 9. Draper does not otherwise identify Gaston as being connected to the conditions he alleges in his complaint.

The references Draper makes to Gaston in his second complaint – listing his name, stating that the complaint was filed against him, and seeking to send him a copy of the complaint – do not sufficiently state a valid § 1983 claim. Draper does not allege either that Gaston was personally involved in depriving him of his constitutional rights or that there was a causal connection between Gaston's actions and the remaining allegations of failure to protect and retaliation. *See, e.g., DeLeon v. City of Dallas*, 141 F. App'x 258, 262 (5th Cir. 2005) (plaintiff failed to state § 1983 claim where defendant's actions were unrelated to alleged violation). As such, Defendant Gaston will be dismissed with prejudice for failure to state a claim upon which relief could be granted. *See Housley*, 1995 WL 241806, at *4 (dismissal proper where plaintiff did not show defendant's personal involvement).

---

[2] In the documents Draper submitted to support his response to Defendant Whorton's motion for summary judgment, there is an additional reference to the Sherriff's Department, implying Gaston's involvement in the access to courts claim. *See Draper I*, at Doc. #74, at 24. However, to the extent the reference is meant to allege that Gaston denied Draper court access, a claim not found in the complaint cannot be raised for the first time in a response to a summary judgment motion. *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).

### B. Lt. Addison

Defendant Addison is mentioned four times in Draper's second complaint. On pages two and seven, Draper lists Addison as a defendant. *Draper II*, at Doc. #1, at 2, 7. On page eight, Draper claims that he referred his complaints about medical assistance to Addison and was told they would be investigated. *Id*. at 8. On page ten, Draper alleges that he "asked Lt. Addison about [his] paperwork that was presented for completion and was advised that they don't have to give that information …." *Id*. at 10.

The first three references to Addison similarly do not indicate either personal involvement or a causal connection, and thus fail to state a claim under § 1983. *See Rogers v. City of Tupelo, Miss.*, No. 1:13-CV-00243-SA-DAS, 2015 WL 3450266, at *10 (N.D. Miss. May 29, 2015) (claim failed where no "connection between [defendant's] actions and the alleged constitutional violation"). While Draper also claims that Addison did not give him information about his legal paperwork, the Court has already dismissed Draper's claim of denial of access to the courts because Draper did not allege any harm to his legal position arising out of the named defendants' actions. *Draper I*, at Doc. #25, at 5-6. Thus, Draper's allegations against Defendant Addison will also be dismissed for failure to state a claim upon which relief could be granted. *See DeLeon*, 141 F. App'x at 263 (remanding with instructions to dismiss where plaintiff did not allege defendants' participation in acts contributing to alleged violation).

### III
### Conclusion

For the reasons above, Defendants Gaston and Addison will be dismissed because Draper's allegations against them fail to state a claim upon which relief could be granted. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this 5th day of March, 2016.

                                                    **/s/ Debra M. Brown**
                                                  **UNITED STATES DISTRICT JUDGE**